## Robert E. Baxter, Defendant in Error, v. Lizzie B. Miller, Trading as Miller's Buena Park Express, Plaintiff in Error.

## Gen. No. 17,716.

DAMAGES—*evidence.* *Held,* in an action for the value of a whole stalagmite table top together with a broken one alleged to have been lost by defendant, that the evidence does not tend to show that the broken top had any value and the proof as to the loss thereof is unsatisfactory.

Error to the Municipal Court of Chicago; the HON. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed June 24, 1913.

LEO KORETZ, for plaintiff in error.

JOHN S. DORNBLASER, for defendant in error; HENRY J. KRAMER, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

Judgment for $600 was rendered in this case as the alleged value of one stalagmite table top said to have been in good condition, and a second stalagmite table top which the record shows was broken into three pieces.

It appears that the defendant in error (plaintiff) made a contract with the plaintiff in error (defendant) to take certain articles of furniture and other things from one place to another in the city of Chicago; that by the original contract she was to take one table top to the Nelson Company, and there have delivered to her another to be brought back to plaintiff's house. She was also required to take certain property from the Derby Desk Company. It would appear that when the property taken from the Derby Desk Company

under the contract was received there were loaded on the wagon the three broken pieces.

The court found that the defendant did not deliver to the plaintiff the stalagmite in question, and recovery was had as for a conversion.

It is asserted in the brief of the plaintiff that the stalagmite taken from the Nelson Company was shown to have been worth $400, and that taken from the Derby Desk Company $200.

A finding was made in favor of the plaintiff on June 16, 1910, and the defendant made a motion for a new trial. A year later additional testimony was taken on behalf of both parties, and on June 24, 1911, a judgment was entered upon the finding made the year previously.

We have searched the record in vain for any evidence tending to show that the three broken pieces of stalagmite had any value. One witness for the plaintiff, who was the only one who seems to have been asked specifically what the value of them was, testified that they had no value. This was corroborated by a witness whose testimony was taken on behalf of the defendant. The witnesses for plaintiff did not qualify themselves to testify on questions of value. On direct examination the plaintiff stated that in making his original contract with the defendant he told her that the stalagmite table tops were very valuable and would have to be handled carefully; that they "ranged all the way from $500 to $700." The defendant denied having had any such conversation. On his cross-examination he testified that he presumed she was not going to call at the Derby Desk Company for that table top at all; that the table top at the Derby Desk Company was broken, that he did not know in how many pieces; that it was the more valuable table top of the two; that the table top was in good condition when he sent it to the Derby Company. There is no claim, however, that the defendant took this table top to the

Derby Company, but on the other hand, the testimony given by a witness for the plaintiff, an employe of the Derby Company, is to the effect that the Derby Desk Company had the three broken pieces of stalagmite in its possession for about a year and a half. The same witness testified that he did not know what their value was, if they had any value, that they were "all black with dirt from being kicked around the store," and were in that condition when delivered to the defendant.

Plaintiff's witnesses testified that stalagmite had no market value in Chicago in 1909. A witness for the defendant, a man who had been in the marble business for more than 40 years and who seemed to have the best information on the subject of any of the witnesses, and who was disinterested, gave it as his opinion that a sound piece of stalagmite, such as the one claimed to have been lost, was worth in Chicago in April, 1909, about $48, and that the three pieces referred to had no value whatever.

The proof as to the loss of the broken pieces is also unsatisfactory. The plaintiff claimed not to know anything about these pieces having been taken from the Derby Desk Company's store until long after the occurrence. A witness for the defendant who assisted in loading the wagon testified that after they had "unloaded the stuff at Nelson's" he and the driver were told by the plaintiff to go to the Derby Desk Company and bring a stone back from there to his house; that the witness said to plaintiff he did not have any order to do that, but was told by the plaintiff that it would be all right with Mrs. Miller; that plaintiff further told him "if there was nobody at home to leave it on the back porch;" that the three broken pieces of stone were taken from the Derby Company and were placed by him upon the back porch, there being no one in the house. The plaintiff, when called in rebuttal, did not deny the testimony of this witness, but testified that he did not find "any

broken table top with mahogany base" on the back porch.

In our opinion a great injustice was done the defendant in the rendition of this judgment and there should be a new trial. The judgment will therefore be reversed and the cause remanded.   •

*Reversed and remanded.*